United States Courts
Southern District of Texas
FILED

NOV 1 9 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

David Dean, individually and
on behalf of all other similarly situated
individuals,

        Plaintiff,

v.

Newsco International Energy
Services, USA, Inc.

        Defendant.

Case No.

**COLLECTIVE ACTION COMPLAINT**

---

## PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff David Dean ("Plaintiff"), on behalf of himself and all others similarly situated, to recover overtime compensation from his former employer, Newsco International Energy Services, USA, Inc. ("Defendant").

2. Defendant employs "directional drillers," or those working in similar job positions (together "directional drillers"), and classifies them as "exempt" employees, paying them on a salary and day-rate basis. Directional drillers routinely work more than forty (40) hours in a workweek but are not paid overtime compensation for the hours worked over forty (40).

3. Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly-situated individuals (the "FLSA Collective") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The proposed FLSA Collective consists of all

persons who worked as directional drillers for Defendant at any time in the three years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

5. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's operational headquarters are in this district.

## PARTIES

### Plaintiff

6. Plaintiff is an adult resident of Utah. Plaintiff worked for Defendant as a directional driller from approximately May 2014 to August 2015.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendant as directional drillers across the United States, including Texas and Utah, during the applicable statutory period.

8. Plaintiff and the FLSA Collective are current and former employees of Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date this Complaint was filed. See 29 U.S.C. § 255(a).

### Defendant

9. Defendant's principal operational headquarters is located at 333 Clay Street, Suite 2800 – Three Allen Center, Houston, TX 77002.

10. Defendant is an oilfield services company that provides drilling services to the oil

and gas industry. Defendant's services include horizontal directional drilling, measurements while drilling, logging while drilling, and an array of additional downhole and engineering solutions.

11. At all relevant times, Defendant's gross annual sales made or business done has been in excess of $500,000.

12. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant operates in interstate commerce by, among other things, dispatching its employees and equipment to multiple states, including Louisiana, Texas, Utah and Wyoming.

## FACTUAL ALLEGATIONS

13. Plaintiff and members of the proposed FLSA Collective are individuals who were, or are, employed by Defendant as directional drillers. Directional drillers work on wellsites, operating drilling rigs and other equipment necessary to follow a specific "well plan" created and maintained by drilling engineers. Directional drillers follow specific protocols and procedures to monitor the direction and trajectory of the drill, and change the direction if it varies from the parameters of the well plan. Directional drillers are also responsible for communicating the progress of the drilling and for reporting their daily activities.

14. The directional drillers' job duties are primarily manual and productive in nature. They have no authority to modify a well plan or change the protocols and procedures followed in performing their job. In addition, directional drillers do not supervise anyone and are not required to have any secondary education beyond a high school degree. In fact, Plaintiff has

only a high school degree and learned how to perform the duties of the directional driller position on the job.

15. Defendant paid Plaintiff, and currently pays members of the proposed FLSA Collective, a salary plus a day-rate (referred to as a "field bonus", which Defendant paid them for each day they worked in the field) with no overtime pay for hours worked over forty (40) in a workweek.

16. Defendant classified Plaintiff and the proposed FLSA Collective as exempt from overtime compensation. As a result, Defendant suffered and permitted Plaintiff and the members of the proposed FLSA Collective to work more than forty (40) hours in a workweek without overtime pay.

17. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed FLSA Collective performed non-exempt work that required payment of overtime compensation.

18. Defendant was also aware of the long and unpredictable hours worked by Plaintiff and members of the proposed FLSA Collective. Plaintiff and the proposed FLSA Collective did not have a set schedule. Instead, Defendant dictated the days they were required to work, often requiring them to work between seven and twenty (20) consecutive days without time off. Defendant required Plaintiff and the FLSA Collective to typically work at least 12 hours each day, and days of 15 hours or more were common.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all similarly-situated individuals. The proposed FLSA Collective is defined as follows:

All persons who worked in the position of directional driller (or similar job position performing similar duties) for Newsco International Energy Services, USA, Inc. at any time in the three years prior to the filing of this Complaint.

20. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as <u>Exhibit A</u>. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

21. Defendant maintains a uniform compensation practice that violates the FLSA by failing to properly compensate Plaintiff and the FLSA Collective for overtime. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practices and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective)**

22. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

23. As described in the preceding paragraphs, Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

24. Plaintiff and the FLSA Collective are not exempt from the overtime requirements of the FLSA. <u>See</u> 29 U.S.C. § 213.

5

25. Defendant's actions, policies, and practices as described throughout this Complaint violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

26. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

- A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

- B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

- C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

- D. Judgment that Defendant's violations of the FLSA were willful;

- E. An award to Plaintiff and those similarly situated for the amount of unpaid overtime compensation owed, liquidated damages, and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed;

F. An award of reasonable attorneys' fees and costs;

G. Leave to add additional plaintiffs and/or state law claims by motion, by the filing of written consent forms, or by any other method approved by the Court; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: November 18, 2015

/s/ Paul J. Lukas
NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar No. 22084X*
Attorney-in-Charge
Ashley R. Thronson, MN Bar No. 0395947*
Of Counsel
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
lukas@nka.com
athronson@nka.com
*Pro Hac Vice Motion Forthcoming

Attorneys For Plaintiff, and the Proposed
FLSA Collective

# EXHIBIT A

## NEWSCO INTERNATIONAL ENERGY SERVICES USA, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., against my current/former employer, Newsco International Energy Services USA, Inc. ("Newsco") to recover unpaid overtime wages.

2. During the past three years, there were weeks when I worked overtime hours (over 40 per week) for Newsco as a directional driller, or in a similar position with similar job duties. I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Newsco.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11-15-15

Signature

Print Name: David Dean

Redacted